**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILMER ESAU C. C., | No. 1:26-cv-00692 JLT SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 10) |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

Wilmer Esau C. C. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 10.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days. (Doc. 10.) On February 2, 2026, Respondents filed objections. (Doc. 11.) On February 12, 2026, Petitioner filed a statement of non-opposition. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court agrees with the recommendation to grant

1

the petition but declines to order immediate release on this record. It is undisputed that Petitioner's re-detention on November 24, 2025 followed his termination from the ATD program after he absconded. (Doc. 9 at 2 & Ex. 1.) He was also found to have violated the ATD program guidelines because he had a criminal arrest. (*Id*.) Accordingly, the Court concludes a substantive parole revocation hearing is the appropriate remedy. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *11 (E.D. Cal. Nov. 24, 2025). Thus, the Court orders:

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 2, 2026, (Doc. 10), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED**.

3. The request to appoint counsel (Doc. 3) is **DENIED AS MOOT**.

4. Respondents **SHALL** provide Petitioner a *substantive* parole revocation hearing **no later than March 16, 2026,** at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

5. The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 23, 2026**

UNITED STATES DISTRICT JUDGE

2